UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III,

                Petitioner,                Case Number 2:13-cv-12630
                                                          Honorable Lawrence P. Zatkoff

v.

UNITED STATES OF AMERICA,

                Respondent.
_____/

OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Petitioner Andrew Gross, III, is a federal prisoner confined at the Federal Correctional Institution (FCI), Pekin, Ilinois. Petitioner was convicted of seven counts of mail fraud, 18 U.S.C. 1341, six counts of credit card fraud, 18 U.S.C. 1029(a)(2), and one count of identity theft. 18 U.S.C. 1028(a)(7). The Court sentenced him to a total of eighty-four months of imprisonment. *See United States v. Gross*, 84 Fed. Appx. 531, 532 (6th Cir. 2003). His petition raises four claims: (1) he is actually innocent of credit card fraud because he possessed only stolen credit card numbers and not the cards themselves; (2) the offense proved at trial was different from the one charged in the indictment; (3) the jury improperly interpreted the elements of the offense; and (4) the Court was without jurisdiction to impose sentence. Because Petitioner has failed to establish that his remedy under 28 U.S.C. § 2255 is inadequate

or ineffective, the petition for writ of habeas corpus bought under § 2241 is DENIED.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the U.S. District Court for the Eastern District of Michigan before the Honorable Denise Page Hood. Petitioner was sentenced to a total of eighty-four months in prison. The conviction was affirmed on appeal. *Id.*

During the pendency of his direct appeal, Petitioner filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *Gross v. United States*, U.S.D.C. 03-CV-72018-DT (E.D. Mich. May 29, 2003)(Hood, J.). Following the conclusion of his direct appeal, Petitioner filed a second motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was also denied. *Gross v. United States*, U.S.D.C. 04-CV-73388-DT (E.D. Mich. December 10, 2004)(Hood, J.); reconsideration den. September 2, 2005.

Petitioner has also filed at least one prior habeas petition under 28 U.S.C. § 2241, seeking to challenge his convictions. It too was denied. *Gross v. United States*, U.S.D.C. 06-CV-10551-DT (E.D. Mich. February 27, 2006)(Steeh, J.).

## II. Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper only where the inmate is challenging the manner in which his

sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Id*. A motion under § 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974). However, unlike federal habeas corpus proceedings, a motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; *See also Hill v. United States*, 368 U.S. 424, 427 (1962).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *See In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ

of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler*, 180 F. 3d at 757.

Petitioner's claims do not fall within the actual innocence exception that would allow him to file a § 2241 petition. The actual innocence exception set forth in *Peterman*, which permits a federal prisoner to file a § 2241 habeas petition, rather than to seek relief via a § 2255 motion to vacate, requires actual innocence of the underlying substantive offense. Petitioner claims that he is actually innocent of violating 18 U.S.C. §1029(a)(2) because he possessed only credit cards numbers and not the physical credit cards themselves, as he argues the statute requires. Simply put, however, a violation of §1029(a)(2) does not require possession of physical credit cards. Rather, the provision forbids the unauthorized use of an "access device," which is defined as: "any card, plate, code, *account number*, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can

-4-

be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)." 18 U.S.C. § 1029(e)(1) (emphasis added); *United States v. Lyles*, 2012 U.S. App. LEXIS 24460, 6-7, n. 2 (6th Cir. 2012).

Without any viable allegation that his remedy under § 2255 is inadequate or ineffective, Petitioner is not entitled to habeas relief from his criminal conviction pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002).

Accordingly, the Court will deny the petition for writ of habeas corpus.

### III. Order

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

                                                                                    S/Lawrence P. Zatkoff
                                                                                    Honorable Lawrence P. Zatkoff
                                                                                    United States District Judge

Dated:   July 9, 2013