**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDREW GROSS, III,

       Petitioner,                                Case Number 2:13-cv-12630
                                                             Honorable Lawrence P. Zatkoff

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

**OPINION AND ORDER**

       AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on the 7th   day of May, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

       Petitioner has filed a "Petition for Writ of Error Coram Nobis" (Docket #17), wherein he asks the Court to order the Bureau of Prisons to reduce his sentence for a 2002 federal conviction by 14 months.  Petitioner completed service of that 84-month sentence years ago, and his current petition is seeking to reduce the 2002 sentence only so that the 120-month consecutive sentence imposed by another court can be terminated earlier.  The Court finds that this is not an appropriate case for granting a writ of coram nobis.

       A court will "grant the writ only if the petitioner demonstrates a factual error that was unknown at the time of trial and that is 'of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.'" *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (citation omitted).  Petitioner argues that the wrong sentencing guidelines were used by the probation department (and presumably the court) to calculate his 2002

sentence.   In Petitioner's words, he "just discovered a specific factual error, that was unknown at the time of trial, which has affected [his] sentencing & guidelines range, and the net offense level computations."

The Court first finds that, even if Petitioner is correct that the wrong sentencing calculations were made in 2002, such an error does not constitute a factual error that affected Petitioner's trial because, as Petitioner himself argues, his petition is based upon a challenge to the application of the sentencing guidelines, not a challenge to his conviction.  In addition, the probation department's and the court's alleged failures to calculate the correct offense level using the appropriate sentencing guidelines do not constitute a "factual error that was unknown at the time" of trial or sentencing. If the wrong sentence guidelines and/or offense level were used, that error was knowable when it happened; the fact that Petitioner did not discover the error until more than a decade later does not make it unknown at the time of trial or sentencing.

Accordingly, for the reasons set forth above, the Court DENIES Petitioner's "Petition for Writ of Error Coram Nobis" (Docket #17).

IT IS SO ORDERED.

 S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
United States District Judge

Dated: May 7, 2014