UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III,

                    Petitioner,                  Case No. 2:13-cv-12630
                                                    Hon. Sean F. Cox

v.

UNITED STATES OF AMERICA,

                    Respondent.

_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [Dkt. 24]**

Petitioner Andrew Gross, III, is a federal prisoner who was convicted in the Eastern District of Michigan of seven counts of mail fraud, 18 U.S.C. 1341, six counts of credit card fraud, 18 U.S.C. 1029(a)(2), and one count of identity theft. 18 U.S.C. 1028(a)(7). The Court sentenced him to a total of eighty-four months of imprisonment. See *United States v. Gross*, 84 Fed. Appx. 531, 532 (6th Cir. 2003). His original petition was filed under 28 U.S.C. § 2241, and it raised four claims challenging his convictions. On July 9, 2013, the Court summarily denied the petition because Petitioner failed to establish that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective. Petitioner appealed, and the Sixth Circuit affirmed. *Gross v. United States*, No. 13-2345 (6th Cir. Oct. 2, 2014).

Presently before the Court is Petitioner's "Reconsideration Petition" also titled by Petitioner as a "Petition for Writ of Error Coram Nobis." Dkt. 24.

To the extent that Petitioner is seeking reconsideration of the denial of his § 2241 petition, the motion is untimely. Local Rule 7.1(h) of the Eastern District of Michigan requires a party to file for reconsideration within 14 days after entry of the judgment. Here, the Court's judgment was entered on May 7, 2014. Petitioner filed his motion for reconsideration on September 9, 2016.

To the extent that Petitioner is attempting to file a petition for a writ of error *coram nobis*, such an action "is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable — generally, when the petitioner has served [his] sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996). Only errors "of the most fundamental character" may be reviewed under the writ. *United States v. Mayer*, 235 U.S. 55, 69 (1914). The petitioner must show: "(1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding had it been known." *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984) (per curiam). If it was Petitioner's intention to seek *coram nobis* relief, he must do so in a new action.

Based upon the foregoing, the Court **DENIES** Petitioner's motion for reconsideration. [Dkt. 24].

Dated:  February 16, 2017                                s/Sean F. Cox
                                                         Sean F. Cox
                                                         U. S. District Judge


I hereby certify that on February 16, 2017, the foregoing document was served on counsel of record via electronic means and upon Andrew Gross via First Class mail at the address below:

Andrew Gross 28240-039
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555


                                                         s/J. McCoy
                                                         Case Manager